IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NL GIKEN INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>                    Defendant. | C.A. No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND JURY DEMAND

Plaintiff NL Giken Inc. ("NL Giken") brings this civil action against Defendant Apple Inc. ("Apple").

## NATURE OF SUIT

1.      This is a civil action for patent infringement under the laws of the United States, 35 U.S.C. § 1, et seq.

2.      Apple has infringed and continues to infringe one or more claims of U.S. Patent Nos. 8,497,910 ("the '910 patent"), 8,482,617 ("the '617 patent"), 10,592,547 ("the '547 patent"), 8,094,236 ("the '236 patent"), 9,319,615 ("the '615 patent"), 8,643,784 ("the '784 patent"), 9,948,968 ("the '968 patent"), and 10,764,422 ("the '422 patent") (collectively, the "Asserted Patents") at least by making, using, selling, offering for sale, and importing into the United States computing devices and/or services that infringe one or more claims of each of the Asserted Patents.

3.      NL Giken is the legal owner by assignment of the entire right, title, and interest in and to the Asserted Patents, which were duly and legally issued by the United States Patent and

Trademark Office.   NL Giken seeks monetary damages and injunctive relief to address past and ongoing infringement of its valuable patent portfolio.

## THE PARTIES

4.      Plaintiff NL Giken is a Japanese corporation, with a place of business at 1-17-9, Ozone, Toyonaka-Shi, Osaka, Japan.

5.      Defendant Apple is a corporation organized under the laws of the State of California, with a place of business at 1 Apple Park Way, Cupertino, CA 95014.  Apple is a publicly traded company that may be served through its registered agent for service, CT Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has both general and personal jurisdiction over Apple.  Apple has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.

8.      Among other things, Apple has employees and operates a retail store at 125 Christiana Mall, Newark, DE 19702.  *See* https://www.apple.com/retail/christianamall/ (last accessed Dec. 7, 2023); https://www.christianamall.com/en/directory/apple-8718.html (last accessed Dec. 7, 2023).  Apple's retail store at 125 Christiana Mall sells and offers for sale products and services that infringe the Asserted Patents.  On information and belief, the Apple retail store at 125 Christiana Mall sells more infringing products and services than any other Apple retail store in the United States.  *See* Alan Farnham and Mark Mooney, Apple's (AAPL)

Delaware Store Claims Title for Selling Most iPhones, ABC NEWS (Nov. 12, 2013, 6:14 AM),
https://abcnews.go.com/Business/applesdelaware-store-claims-title-selling-
iphones/story?id=20650009.

9.     In addition, Apple, directly and through subsidiaries and intermediaries (including
distributors, retailers, franchisees, and others), has regularly committed and continues to commit
acts of patent infringement in this District, by, among other things, making, using, testing,
offering for sale, selling, licensing, and/or importing products and/or services that infringe the
Asserted Patents.  *See, e.g.*, https://locate.apple.com/sales/.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Apple has
a physical presence in this District and, upon information and belief, has committed acts of direct
and indirect infringement in this District by, among other things, making, using, testing, offering
to sell, selling, licensing, and/or importing products and/or services that infringe the Asserted
Patents.  Venue is also proper based on the facts alleged in the foregoing paragraphs, which NL
Giken incorporates as if fully set forth herein.

**FACTUAL BACKGROUND**

**NL Giken's Patented Technologies**

11.     Masahide Tanaka has over four decades of experience developing technology,
using his physics background and his experience in computing devices and software to think
long, hard, and deeply about upcoming problems in the field and how they might be solved.  His
efforts led him to recognize certain technological problems years or even decades before others,
and to arrive at unique and superior solutions to those problems that predicted how the industry
would later address those concerns.  Mr. Tanaka developed a number of inventions in the period
2006-09.  Mr. Tanaka founded NL Giken to develop and license those inventions.  This

technology is protected in the United States by the Asserted Patents, among others, as well as many other patents and patent applications in the U.S. and Japan.

12.    Among Mr. Tanaka's inventions are those relating to cameras and other devices that increase available memory by backing up full-size original photos to an external location and retaining on the camera smaller, lower-resolution versions—a thumbnail image and an intermediate-sized image.  Doing so preserves memory space on the device while still allowing access to the full-sized and intermediate-size images as needed.  Mr. Tanaka also recognized the value of providing an indicator that shows information on whether there is room for additional photos, and of overwriting and editing image data on the camera or other device in connection with the externally located image.  Various features of these inventions are claimed in the '910, '617, and '547 patents, among others.

 

'910 patent, Figs. 4 and 7.

13.     Others of Mr. Tanaka's inventions relate to a television and other devices that can communicate with other devices so that multiple people can watch content together.  Various features of these inventions are claimed in the '236 and '615 patents, among others.



'236 patent, Fig. 1.

14.     A third area of Mr. Tanaka's inventions relates to an appliance, such as a smartwatch or smartphone, which determines whether a key has been operated in an abnormal manner, such as to signal an emergency.  If so, a signal is sent in response to the abnormal operation, such as a signal indicating an emergency.  Various features of these inventions are claimed in the '784 patent, among others.





'784 patent, Figs. 13 and 16.

15.     A fourth area of Mr. Tanaka's inventions relates to a system and apparatus that receives digital moving image contents (e.g., streaming video) and automatically designates and displays a succeeding part of the contents (e.g., a subsequent streaming video).  Various features of these inventions are claimed in the '968 patent, among others.



'968 patent, Fig. 3.

16.    A fifth area of Mr. Tanaka's inventions relates to a system and method of transmitting both power and data along wired paths (e.g., those in a cable/connector) between a phone and a digital image display, where the data is not transmitted to the display unless the display is admitted to receive that data (e.g., the phone's user decides to trust the display by clicking "trust this computer" on the phone).   Various features of these inventions are claimed in the '422 patent, among others.



'422 patent, Fig. 4.

17.     NL Giken's and Mr. Tanaka's investment in innovation has produced a portfolio that includes over 40 issued United States patents, as well as 50 issued Japanese patents.

**NL Giken's Asserted Patents**

18.     This complaint focuses on eight NL Giken patents.

19.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '910 patent titled "Digital camera having communication function."  The '910 patent issued on July 30, 2013.  The patent is generally directed to cameras and other devices that increase available memory by wirelessly backing up full-size original photos to an external location and retaining on the camera or device two smaller, lower-resolution versions—a thumbnail image and an intermediate-sized image.  A copy of the '910 patent is attached as Exhibit A.

20.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '617 patent titled "Digital camera with communication function."  The '617 patent issued on July 9, 2013.  The patent is generally directed to cameras and other devices that increase available memory by wirelessly backing up full-size original photos to an external location and retaining on the camera or device two smaller, lower-resolution versions—a thumbnail image and an intermediate-sized image, along with a capacity indicator.  A copy of the '617 patent is attached as Exhibit B.

21.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '547 patent titled "Digital camera with communication function."  The '547 patent issued on March 17, 2020.  The patent is generally directed to cameras and other devices that store versions of photos both locally and by backing up those photos to an external location, and overwriting and editing image data on the camera or other device in connection with the externally located image.  A copy of the '547 patent is attached as Exhibit C.

22.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '236 patent titled "Television system, television set and remote controller."  The '236 patent issued on January 10, 2012.  The patent is generally directed to a television and other devices that can communicate with other devices so that multiple people can watch content together.  A copy of the '236 patent is attached as Exhibit D.

23.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '615 patent titled "Television system, television set and remote controller."  The '615 patent issued on April 19, 2016.  The patent is generally directed to a television and other devices that can communicate with other devices so that multiple people can watch content together.  A copy of the '615 patent is attached as Exhibit E.

24.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '784 patent titled "Television system, television set and remote controller."  The '784 patent issued on February 4, 2014.  The patent is generally directed to an appliance that determines whether a key has been operated in an abnormal manner, and, if so, sending a signal in response to the abnormal operation.  A copy of the '784 patent is attached as Exhibit F.

25.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '968 patent titled "Digital contents receiving apparatus."  The '968 patent issued on April 17, 2018.  The patent is generally directed to a system and apparatus that receives digital moving image contents and automatically designates and displays a succeeding part of the contents.  A copy of the '968 patent is attached as Exhibit G.

26.     NL Giken is the current owner by assignment of the entire right, title, and interest in and to the '422 patent titled "Digital image viewing system, a cellar phone and a digital photo frame."  The '422 patent issued on September 1, 2020.  The patent is generally directed to a system and method of transmitting both power and data along wired paths between a phone and a digital image display, where the data is not transmitted to the display unless the display is admitted to receive that data.  A copy of the '422 patent is attached as Exhibit H.

27.     NL Giken has complied with its obligations under 35 U.S.C. § 287 for each of the Asserted Patents.

### Apple's Incorporation of NL Giken's Patented Technologies into Its Devices and Services

28.     The allegations provided below are exemplary and without prejudice to NL Giken's infringement contentions.  In providing these allegations, NL Giken does not convey or imply any particular claim constructions or the precise scope of the claims.  NL Giken's claim

construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

29.     The infringing products and services include without limitation: iCloud Photos; SharePlay; FaceTime; Apple Watches and iPhones that include an emergency mode and/or SOS mode; Apple TV / Apple TV+; Apple software and hardware capable of transmitting power and data over wired connections; and all Apple software and hardware made, used, offered for sale, sold, or imported from January 2018 going forward that is capable of using or interacting with such services, software, or hardware.

30.     The infringing products thus also include, without limitation: iPhone 6 / 6 Plus; iPhone 6S / 6S Plus; iPhone SE (1st); iPhone 7 / 7 Plus; iPhone 8 / 8 Plus; iPhone X; iPhone XS / XS Max; iPhone XR; iPhone 11; iPhone 11 Pro / 11 Pro Max; iPhone SE (2nd); iPhone 12 / 12 Mini; iPhone 12 Pro / 12 Pro Max; iPhone 13 / 13 Mini; iPhone 13 Pro / 13 Pro Max; iPhone SE (3rd); iPhone 14 / 14 Plus; iPhone 14 Pro / 14 Pro Max; iPhone 15 / 15 Plus; iPhone 15 Pro / 15 Pro Max; iPad Air (1st generation); iPad Mini 2; iPad Mini 3; iPad Air 2; iPad Mini 4; iPad Pro (1st generation); iPad (5th generation); iPad Pro (2nd generation); iPad (6th generation); iPad Pro (3rd generation); iPad Mini (5th generation); iPad Air (3rd generation); iPad (7th generation); iPad Pro (4th generation); iPad (8th generation); iPad Air (4th generation); iPad Pro (5th generation); iPad (9th generation); iPad Mini (6th generation); iPad Air (5th generation); iPad Pro (6th generation); iPad (10th generation); Apple iOS 11; Apple iOS 12; iOS 13 / iPadOS 13; Apple iOS 14 / iPadOS 14; Apple iOS 15 / iPadOS 15; Apple iOS 16 / iPadOS 16; Apple iOS 17 / iPadOS 17; Apple TV (3rd generation); Apple TV HD; Apple TV 4K (1st generation); Apple TV 4K (2nd generation); Apple TV 4K (3rd generation); Apple tvOS 9; Apple tvOS 10; Apple tvOS 11; Apple tvOS 12; Apple tvOS 13; Apple tvOS 14; Apple tvOS 15; Apple tvOS 16;

Apple tvOS 17; Apple TV / Apple TV+ app (all generations); MacBook 8; MacBook 9;

MacBook 10; MacBook Air; MacBook Pro; MacBook Retina; iMac; iMac Pro; iMac Retina;

Mac Mini; Mac Studio; macOS 10; macOS 11; macOS 12; macOS 13; macOS 14; Apple Watch

1st; Apple Watch Series 1; Apple Watch Series 2; Apple Watch Series 3; Apple Watch Series 4;

Apple Watch Series 5; Apple Watch SE (1st); Apple Watch Series 6; Apple Watch Series 7;

Apple Watch SE (2nd); Apple Watch Series 8; Apple Watch Ultra; Apple Watch Series 9; Apple

Watch Ultra 2; Apple watchOS 1; Apple watchOS 2; Apple watchOS 3; Apple watchOS 4;

Apple watchOS 5; Apple watchOS 6; Apple watchOS 7; Apple watchOS 8; Apple watchOS 9;

Apple watchOS 10 (all together with the prior paragraph, the "Accused Products").

31.     The Accused Products are non-limiting examples that were identified based on

publicly available information, and NL Giken reserves the right to identify additional infringing

activities, products and services, including, for example, on the basis of information obtained

during discovery.

32.     As detailed below and in Exhibits I-P, each limitation of at least one claim of each

of the Asserted Patents is literally present in the Accused Products, or is literally practiced by

Apple personnel, agents, or customers who use the Accused Products.  To the extent that any

limitation is not literally present or practiced, each such limitation is present or practiced under

the doctrine of equivalents.

33.     Apple has made extensive use of NL Giken's patented technologies, including the

technology described and claimed in the Asserted Patents.  NL Giken is committed to defending

its proprietary and patented technology.  NL Giken requests that this Court award it damages

sufficient to compensate for Apple's infringement of the Asserted Patents, find this case

exceptional and award NL Giken its attorneys' fees and costs, and grant an injunction against Apple to prevent ongoing infringement of the Asserted Patents.

## COUNT I

### (Infringement of U.S. Patent No. 8,947,910)

34.     NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

### Apple's Direct Infringement

35.     Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '910 patent, including at least claim 1, including by importing, using, selling, and offering for sale in the United States the Accused Products.

36.     For example, and without limitation, Apple's devices including its iPhones and iPads with their preinstalled iCloud Photos application are digital cameras that meet each and every limitation of claim 1 either literally or under the doctrine of equivalents, as set forth in Exhibit I and incorporated here.

### Apple's Knowledge of the '910 Patent

37.     Since at least as early as the filing of this Complaint, Apple has known of the '910 patent.

### Apple's Induced Infringement

38.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '910 patent.

39.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '910 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat

128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

40.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 1 of the '910 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

41.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 1 of the '910 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner

that infringes at least claim 1 of the '910 patent.  For example, Apple's support website touts the availability of different sizes of photos. *See* https://support.apple.com/en-us/HT205703.  As another example, Apple's user guide for the iPhone touts the benefits of iCloud's Photos application.  *See, e.g.*, https://support.apple.com/guide/iphone/use-icloud-iphde0f868fd/17.0/ios/17.0; https://support.apple.com/guide/iphone/set-up-or-join-an-icloud-shared-photo-library-iph28ac9ea81/17.0/ios/17.0.

### Apple's Contributory Infringement

42.     Since at least as early as the filing of this Complaint, Apple has contributorily infringed at least claim 1 of the '910 patent by selling and offering to sell within the United States the Apple's devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos.

43.     Apples devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos are not a staple article or a commodity of commerce with substantial noninfringing uses. This feature is designed, configured, and adapted to work with Apple devices. This feature has no substantial purpose other than as part of infringing devices and is accordingly not a staple article or a commodity of commerce.

44.     This feature is a material part of the invention of at least claim 1 of the '910 patent.

45.     Since at least as early as the filing of this Complaint, Apple has known of the '910 patent and has known that Apples devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos are especially made or adapted for use in a manner that infringes at least claim 1 of the '910 patent.

46.     The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

47.     NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '910 patent.

48.     Apple's infringement of the '910 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT II

### (Infringement of U.S. Patent No. 8,482,617)

49.     NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

### Apple's Direct Infringement

50.     Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '617 patent, including at least claim 1, including by importing, using, selling, and offering for sale in the United States the Accused Products.

51.     For example, and without limitation, Apple's devices including its iPhones and iPads with their preinstalled iCloud Photos application are digital cameras that meet each and every limitation of claim 1 either literally or under the doctrine of equivalents, as set forth in Exhibit J and incorporated here.

### Apple's Knowledge of the '617 Patent

52.     Since at least as early as the filing of this Complaint, Apple has known of the '617 patent.

**Apple's Induced Infringement**

53.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '617 patent.

54.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '617 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

55.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 1 of the '617 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

56.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 1 of the '617 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 1 of the '617 patent.  For example, Apple's support website touts the availability of different sizes of photos.  *See* https://support.apple.com/en-us/HT205703.  As another example, Apple's user guide for the iPhone touts the benefits of iCloud's Photos application.  *See, e.g.*, https://support.apple.com/guide/iphone/use-icloud-iphde0f868fd/17.0/ios/17.0; https://support.apple.com/guide/iphone/set-up-or-join-an-icloud-shared-photo-library-iph28ac9ea81/17.0/ios/17.0.

**Apple's Contributory Infringement**

57.     Since at least as early as the filing of this Complaint, Apple has contributorily infringed at least claim 1 of the '617 patent by selling and offering to sell within the United States Apple's devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos.

58.     Apple devices including iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos, are not a staple article or a commodity of commerce with substantial noninfringing uses.  This feature is designed, configured, and adapted to work with Apple devices.  This feature has no substantial purpose other than as part of infringing devices and is accordingly not a staple article or a commodity of commerce.

59.     This feature is a material part of the invention of at least claim 1 of the '617 patent.

60.     Since at least as early as the filing of this Complaint, Apple has known of the '617 patent and has known that Apples devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos are especially made or adapted for use in a manner that infringes at least claim 1 of the '617 patent.

61.     The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

62.     NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '617 patent.

63.     Apple's infringement of the '617 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT III

### (Infringement of U.S. Patent No. 10,592,547)

64.     NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

### Apple's Direct Infringement

65.     Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '547 patent, including at least claim 20, including by importing, using, selling, and offering for sale in the United States the Accused Products.

66.     For example, and without limitation, Apple's devices including its iPhones and iPads with their preinstalled iCloud Photos application are digital cameras that meet each and

every limitation of claim 20 either literally or under the doctrine of equivalents, as set forth in Exhibit K and incorporated here.

### Apple's Knowledge of the '547 Patent

67.     Since at least as early as the filing of this Complaint, Apple has known of the '547 patent.

### Apple's Induced Infringement

68.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 20 of the '547 patent.

69.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 20 of the '547 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

70.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 20 of the '547 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers,

retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

71.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 20 of the '547 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 20 of the '547 patent.  For example, Apple's support website touts the ability to edit photos across multiple devices and users.  *See* https://support.apple.com/guide/icloud/what-you-can-do-with-icloud-and-photos-mm8b32f3ae27/1.0/icloud/1.0.  As another example, Apple's user guide for the iPhone touts the benefits of iCloud's Photos application.  *See, e.g.*, https://support.apple.com/guide/iphone/use-icloud-iphde0f868fd/17.0/ios/17.0; https://support.apple.com/guide/iphone/set-up-or-join-an-icloud-shared-photo-library-iph28ac9ea81/17.0/ios/17.0.

**Apple's Contributory Infringement**

72.     Since at least as early as the filing of this Complaint, Apple has contributorily infringed at least claim 20 of the '547 patent by selling and offering to sell within the United States the Apple's devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos.

73.     Apple devices including iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos are not a staple article or a commodity of commerce with substantial noninfringing uses.  This feature is designed, configured, and adapted to work with Apple devices.  This feature has no substantial purpose other than as part of infringing devices and is accordingly not a staple article or a commodity of commerce.

74.     This feature is a material part of the invention of at least claim 20 of the '547 patent.

75.     Since at least as early as the filing of this Complaint, Apple has known of the '547 patent and has known that Apples devices including its iPhones and iPads with their preinstalled iCloud Photos application, which manages storage of photos and videos are especially made or adapted for use in a manner that infringes at least claim 20 of the '547 patent.

76.     The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

77.     NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '547 patent.

78.     Apple's infringement of the '547 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT IV

### (Infringement of U.S. Patent No. 8,094,236)

79.     NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

22

**Apple's Direct Infringement**

80.     Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '236 patent, including at least claim 1, including by importing, using, selling, and offering for sale in the United States the Accused Products.

81.     For example, and without limitation, Apple's devices including its Apple TVs, iPhones, iPads, laptops, MacBooks, and iMacs/Macs with their preinstalled SharePlay and FaceTime capabilities with video-streaming applications that meet each and every limitation of claim 1 either literally or under the doctrine of equivalents, as set forth in Exhibit L and incorporated here.

**Apple's Knowledge of the '236 Patent**

82.     Since at least as early as the filing of this Complaint, Apple has known of the '236 patent.

**Apple's Induced Infringement**

83.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '236 patent.

84.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '236 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

85.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 1 of the '236 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

86.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 1 of the '236 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 1 of the '236 patent.  For example, Apple's website touts the use and value of SharePlay and FaceTime on various Apple devices.  *See* https://www.apple.com/apple-tv-4k/.  As another example, Apple's user guide for the iPhone touts the benefits of SharePlay and FaceTime.  *See, e.g.*, https://support.apple.com/guide/iphone/shareplay-watch-listen-play-iphb657eb791/ios.

87.     The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

88.     NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '236 patent.

89.     Apple's infringement of the '236 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT V

### (Infringement of U.S. Patent No. 9,319,615)

90.     NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

### Apple's Direct Infringement

91.     Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '615 patent, including at least claim 1, including by importing, using, selling, and offering for sale in the United States the Accused Products.

92.     For example, and without limitation, Apple's devices including its Apple TVs, iPads, iPhones, laptops, MacBooks, and iMacs/Macs with their preinstalled SharePlay and FaceTime capabilities with video-streaming applications that meet each and every limitation of claim 1 either literally or under the doctrine of equivalents, as set forth in Exhibit M and incorporated here.

### Apple's Knowledge of the '615 Patent

93.     Since at least as early as the filing of this Complaint, Apple has known of the '615 patent.

**Apple's Induced Infringement**

94.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '615 patent.

95.     Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '615 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

96.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 1 of the '615 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

97.     Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 1 of the '615 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 1 of the '615 patent.  For example, Apple's website touts the use and value of SharePlay and FaceTime on various Apple devices.  *See* https://www.apple.com/apple-tv-4k/.  As another example, Apple's user guide for the iPhone touts the benefits of SharePlay and FaceTime.  *See, e.g.*, https://support.apple.com/guide/iphone/shareplay-watch-listen-play-iphb657eb791/ios.

98.     The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

99.     NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '615 patent.

100.    Apple's infringement of the '615 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT VI

### (Infringement of U.S. Patent No. 8,643,784)

101.    NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

**Apple's Direct Infringement**

102.    Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '784 patent, including at least claim 11, including by importing, using, selling, and offering for sale in the United States the Accused Products.

103.    For example and without limitation, Apple's devices including its Apple Watches and iPhones that have emergency SOS and/or emergency call functions (including, but not limited to, iPhone 14, iPhone 14 Pro, iPhone 15, or iPhone 15 Pro with iOS 16.1 or later versions, Apple Watch Series 5, Apple Watch SE, Apple Watch Series 6, Apple Watch Series 7, Apple Watch Series 8, or Apple Watch Series 9) that meet each and every limitation of claim 11 either literally or under the doctrine of equivalents, as set forth in Exhibit N and incorporated here.

**Apple's Knowledge of the '784 Patent**

104.    Since at least as early as the filing of this Complaint, Apple has known of the '784 patent.

**Apple's Induced Infringement**

105.    Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 11 of the '784 patent.

106.    Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 11 of the '784 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple

resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

107.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 11 of the '784 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales." https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

108.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 11 of the '784 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 11 of the '784 patent.  For example, Apple's support website touts the ability to call emergency services from an Apple Watch or the iPhone using unique key

presses of the device's side button.  *See* https://support.apple.com/en-us/105063;

https://support.apple.com/en-us/HT206983; https://support.apple.com/en-us/HT208076.

109.    The foregoing description of Apple's infringement is based on publicly available

information.  NL Giken reserves the right to modify this description, including, for example, on

the basis of information about the Accused Products that it obtains during discovery.

110.    NL Giken has been and is being irreparably harmed, and has incurred and will

continue to incur damages, as a result of Apple's infringement of the '784 patent.

111.    Apple's infringement of the '784 patent has damaged and continues to damage

NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT VII

### (Infringement of U.S. Patent No. 9,948,968)

112.    NL Giken incorporates by reference and realleges all the foregoing paragraphs of

the Complaint as if fully set forth herein.

### Apple's Direct Infringement

113.    Apple has directly infringed and continues to directly infringe, literally and/or

equivalently, one or more claims of the '968 patent, including at least claim 1, including by

importing, using, selling, and offering for sale in the United States the Accused Products.

114.    For example, and without limitation, Apple's devices including its iPhones, iPads,

laptops, MacBooks, and iMacs/Macs that use the preinstalled Apple TV+ app to meet each and

every limitation of claim 1 either literally or under the doctrine of equivalents, as set forth in

Exhibit O and incorporated here.

### Apple's Knowledge of the '968 Patent

115.    Since at least as early as the filing of this Complaint, Apple has known of the '968

patent.

**Apple's Induced Infringement**

116.    Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '968 patent.

117.    Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 1 of the '968 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

118.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 1 of the '968 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

119.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 1 of the '968 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 1 of the '968 patent.  For example, Apple's support website touts the ability to automatically play the next episode in a TV series.  *See* https://support.apple.com/guide/tv/explore-home-atvbe160da08/17.0/tvos/17.0; https://support.apple.com/guide/tvapp/home-atvb05f2070b/web.

120.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging users of its Apple TV+ app to directly infringe at least claim 1 of the '968 patent by automatically playing the next episode in a TV series on third-party devices running the Apple TV+ app, which Apple has designed to be compatible with third-party devices.  For example, Apple encourages subscribers of its Apple TV+ app to use the app on non-Apple smart TVs and streaming devices. https://support.apple.com/guide/tvplus/smart-tvs-and-streaming-devices-apda10aaed81/web

**Apple's Contributory Infringement**

121.    Since at least as early as the filing of this Complaint, Apple has contributorily infringed at least claim 1 of the '968 patent by selling and offering to sell within the United States the Apple TV+ app, which automatically plays the next episode in a TV series.

122.    Autoplay next episode on the Apple TV+ app is not a staple article or a commodity of commerce with substantial noninfringing uses.  Autoplay next episode on the

Apple TV+ app is designed, configured, and adapted to work with both Apple devices and third-party devices.  Autoplay next episode on the Apple TV+ app has no substantial purpose other than as part of infringing devices and is accordingly not a staple article or a commodity of commerce.

123.     Autoplay next episode on the Apple TV+ app is a material part of the invention of at least claim 1 of the '968 patent.

124.     Since at least as early as the filing of this Complaint, Apple has known of the '968 patent and has known that the autoplay next episode on the Apple TV+ app is especially made or adapted for use in a manner that infringes at least claim 1 of the '968 patent.

125.     The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

126.     NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '968 patent.

127.     Apple's infringement of the '968 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## COUNT VIII

### (Infringement of U.S. Patent No. 10,764,422)

128.     NL Giken incorporates by reference and realleges all the foregoing paragraphs of the Complaint as if fully set forth herein.

### Apple's Direct Infringement

129.     Apple has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the '422 patent, including at least claim 8, including by importing, using, selling, and offering for sale in the United States the Accused Products.

130.    For example, and without limitation, Apple's devices including its iPhones and iPads meet each and every limitation of claim 8 either literally or under the doctrine of equivalents, as set forth in Exhibit P and incorporated here.

### Apple's Knowledge of the '422 Patent

131.    Since at least as early as the filing of this Complaint, Apple has known of the '422 patent.

### Apple's Induced Infringement

132.    Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 8 of the '422 patent.

133.    Since at least as early as the filing of this Complaint, Apple has known that the Accused Products infringe at least claim 8 of the '422 patent when used by customers or other users, when imported by others, and when sold or offered for sale by third parties, such as Best Buy.  *See, e.g.*, https://www.bestbuy.com/site/brands/apple/pcmcat128500050005.c?id=pcmcat 128500050005.  For example, a search of Apple's website of sales locations for all Apple products in or near the 19702 ZIP code for Newark, Delaware returns 99 results, only one of which is an Apple Store located in Christiana Mall, while the remaining 98 are third-party Apple resellers located in or near Delaware.  *See* https://locate.apple.com/sales?pt=all&lat= 39.61539077758789&lon=-75.74433135986328&address=19702.

134.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging third-party resellers to directly infringe at least claim 8 of the '422 patent by facilitating resellers' sales and offers for sale of the Accused Products and has actively encouraged such sales and offers for sale. According to Apple's 2023 10-K statement, Apple "employs a variety of indirect distribution channels, such as third-party cellular network carriers, wholesalers, retailers and resellers" which

accounts for 63% of total net sales, Apple "depends on the performance of carriers, wholesalers, retailers and other resellers," and Apple "has invested and will continue to invest in programs to enhance reseller sales, including staffing selected resellers' stores with [Apple's] employees and contractors, and improving product placement displays.  These programs can require a substantial investment while not assuring return or incremental sales."

https://d18rn0p25nwr6d.cloudfront.net/CIK-0000320193/faab4555-c69b-438a-aaf7-e09305f87ca3.pdf (pages 2 and 10-11).

135.    Since at least as early as the filing of this Complaint, Apple has induced infringement and continues to induce infringement by actively encouraging customers or other users to directly infringe at least claim 8 of the '422 patent.  Apple has provided with the Accused Products and on the apple.com website, user manuals, product documentation, and advertising materials that induce customers or others to use the Accused Products in a manner that infringes at least claim 8 of the '422 patent.  For example, Apple's support website touts the ability to both transfer data from an iPhone to an iPad or Mac and charge the iPhone via USB-C cables.  *See* https://support.apple.com/en-euro/105099.

**Apple's Contributory Infringement**

136.    Since at least as early as the filing of this Complaint, Apple has contributorily infringed at least claim 8 of the '422 patent by selling and offering to sell within the United States Apple's devices including its iPhones and iPads that can be connected to other devices for purposes of charging and data transfer.

137.    Apple's devices including its iPhones and iPads that can be connected to other devices for purposes of charging and data transfer are not a staple article or a commodity of commerce with substantial noninfringing uses.  This feature is designed, configured, and adapted

to work with Apple devices.  This feature has no substantial purpose other than as part of infringing devices and is accordingly not a staple article or a commodity of commerce.

138.    This feature is a material part of the invention of at least claim 8 of the '422 patent.

139.    Since at least as early as the filing of this Complaint, Apple has known of the '422 patent and has known that Apple's devices including its iPhones and iPads that can be connected to other devices for purposes of charging and data transfer are especially made or adapted for use in a manner that infringes at least claim 8 of the '422 patent.

140.    The foregoing description of Apple's infringement is based on publicly available information.  NL Giken reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

141.    NL Giken has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Apple's infringement of the '422 patent.

142.    Apple's infringement of the '422 patent has damaged and continues to damage NL Giken in an amount yet to be determined, of no less than a reasonable royalty.

## **REQUEST FOR RELIEF**

Plaintiff NL Giken respectfully requests that this Court enter judgment as follows:

a.      Declaring that Apple has infringed the '910, '617, '547, '236, '615, '784, '968, and '422 patents;

b.      Granting a permanent injunction, enjoining Apple and its officers, agents, employees, attorneys, and all other persons acting in concert or participation with them, from further infringement of the '910, '617, '547, '236, '615, '784, '968, and '422 patents, including but not limited to enjoining the manufacture, sale, offer for sale, importation or use of the Accused Products and any further

development of the Accused Products;

c.      Awarding NL Giken damages adequate to compensate it for Apple's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with pre-judgment and post-judgment interest on the damages awarded;

d.      Awarding enhanced damages in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

e.      Finding this to be an exceptional case and awarding NL Giken its attorneys' fees and costs under 35 U.S.C. § 285 as a result of Apple's infringement of the Asserted Patents; and

f.      Awarding NL Giken any such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), NL Giken demands a trial by jury on all issues so triable.

Date: January 5, 2024

OF COUNSEL:

Michael A. Albert
malbert@wolfgreenfield.com
Gerald B. Hrycyszyn
ghrycyszyn@wolfgreenfield.com
Hunter D. Keeton
hkeeton@wolfgreenfield.com
Arden Bonzo
abonzo@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (#3990)
Robert M. Vrana (#5666)
Alexis N. Stombaugh (#6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Counsel for NL Giken Inc.*