## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NL GIKEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-13-MN |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT APPLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

OF COUNSEL:

Richard S. J. Hung
Shaelyn K. Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000

Roman A. Swoopes
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600

Yuka Teraguchi
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
5-1, Marunouchi 1-Chome, Chiyoda-ku
Tokyo, Japan 100-6529
Tel: +81 (3) 3214-6522

Dated: February 26, 2024
11352135 / 21251.00001

David E. Moore (#3983)
Bindu A. Palapura (#5730)
Andrew M. Moshos (#6685)
Malisa C. Dang (#7187)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com
mdang@potteranderson.com

*Attorneys for Defendant Apple Inc.*

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ....................................................................................... 1

II.  NATURE AND STAGE OF PROCEEDINGS ........................................... 1

III.  SUMMARY OF ARGUMENT ..................................................................... 2

IV.  STATEMENT OF FACTS ............................................................................ 2

    A.  The '968 Patent ................................................................................. 2

    B.  NL Giken's Infringement Allegations ............................................. 4

V.  LEGAL STANDARDS ................................................................................ 5

    A.  The Rule 12(b)(6) Standard as Applied to Patent Eligibility Challenges ............. 5

    B.  The *Alice* Two-Step Test .................................................................. 6

VI.  THE CLAIMS RECITE PATENT-INELIGIBLE SUBJECT MATTER ....................... 6

    A.  *Alice* Step One:  The Claims Are Directed to an Abstract Idea ........................... 7

        1.  The claims, specification, and analogous cases confirm that representative claim 1 is directed to an abstract idea ................................ 7

        2.  The '968 patent claims do not improve computer functionality ................ 9

        3.  The claimed abstract idea reflects longstanding conduct that can readily be performed by the human mind ................................................. 11

    B.  *Alice* Step Two:  The Claims Do Not Recite an Inventive Concept .................... 12

VII.  CONCLUSION ............................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
  882 F.3d 1121, 1125 (Fed. Cir. 2018)..........................................................................................5

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) .............................................................................................. *passim*

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016)......................................................................................14, 15

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018)........................................................................................5

*BSG Tech LLC v. Buyseasons, Inc.*,
  899 F.3d 1281 (Fed. Cir. 2018)......................................................................................2, 10

*Chamberlain Grp. v. Techtronic Indus. Co.*,
  935 F.3d 1341 (Fed. Cir. 2019).........................................................................................14

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019)...........................................................................................7

*Circuit City Stores v. Citgo Petroleum Corp.*,
  No. 92-CV-7394, 1994 WL 48363 (E.D. Pa. Sept. 7, 1994) .....................................................1

*Core Wireless Licensing S.A.R.L. v. LG Elec., Inc.*
  880 F.3d 1356 (Fed. Cir. 2018).....................................................................................10, 11

*Customedia Techs., LLC v. Dish Network Corp.*,
  951 F.3d 1359 (Fed. Cir. 2020).....................................................................................10, 11

*DDR Holdings, LLC v. Hotels.com, L.P.*,
  773 F.3d 1245 (Fed. Cir. 2014)..............................................................................11, 12, 13

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016).................................................................................9, 12, 13

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016)......................................................................................9, 10

*Fast 101 PTY Ltd. v. Citigroup Inc.*,
  424 F. Supp. 3d 385 (D. Del. 2020)...................................................................................5

*Genetic Techs. Ltd. v. Merial L.L.C.*,
    818 F.3d 1369 (Fed. Cir. 2016)................................................................................5

*Godlewski v. Affiliated Comput. Servs., Inc.*,
    210 F.R.D. 571 (E.D. Va. 2002) .............................................................................2

*IBM Corp. v. Zynga Inc.*,
    642 F. Supp. 3d 481 (D. Del. 2022).......................................................................13

*In re TLI Commc'ns LLC Pat. Litig.*,
    823 F.3d 607 (Fed. Cir. 2016)...............................................................................10

*Intell. Ventures I LLC v. Cap. One Fin. Corp.*,
    850 F.3d 1332 (Fed. Cir. 2017)............................................................................5, 9

*Intell. Ventures I LLC v. Erie Indem. Co.*,
    850 F.3d 1315 (Fed. Cir. 2017)..................................................................... *passim*

*Intell. Ventures I LLC v. Symantec Corp.*,
    838 F.3d 1307 (Fed. Cir. 2016).............................................................................12

*Interval Licensing LLC v. AOL, Inc.*,
    896 F.3d 1335 (Fed. Cir. 2018)...............................................................................6

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
    566 U.S. 66 (2012)...................................................................................................6

*MG Freesites Ltd. v. ScorpCast LLC*,
    651 F. Supp. 3d 744 (D. Del. 2023).........................................................................8

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
    811 F.3d 1314 (Fed. Cir. 2016).............................................................................12

*Netflix, Inc. v. Rovi Corp.*,
    114 F. Supp. 3d 927 (N.D. Cal. 2015) .....................................................................8

*Personalized Media Communs., LLC v. Amazon.com, Inc.*,
    161 F. Supp. 3d 325 (D. Del. 2015).......................................................................13

*PersonalWeb Techs. LLC v. Google LLC*,
    8 F.4th 1310 (Fed. Cir. 2021) .................................................................................6

*Sandbox Software v. 18Birdies, LLC*,
    C.A. No. 18-1649-MN, 2019 WL 252470 (D. Del. June 19, 2019) .........................6

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
    65 F.4th 698 (Fed. Cir. 2023) .................................................................................5

*Search & Soc. Media Partners, LLC v. Facebook, Inc.*,
    346 F. Supp. 3d 626 (D. Del. 2018) .......................................................................13

*TrackTime, LLC v. Amazon.com, Inc.*,
    C.A. No. 18-1518-MN, 2019 WL 2524779 (D. Del. June 19, 2019) .................................. 5-6

*Trinity Info Media, LLC v. Covalent, Inc.*,
    72 F.4th 1355 (Fed. Cir. 2023) .........................................................................7

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
    874 F.3d 1329 (Fed. Cir. 2017) .....................................................................12, 15

**Statutes and Rules**

35 U.S.C. § 101 .............................................................................. *passim*

Fed. R. Civ. P. 12 ............................................................................ *passim*

## I.    INTRODUCTION

Because the claims of U.S. Patent No. 9,948,968 ("the '968 patent") recite patent-ineligible subject matter under 35 U.S.C. § 101, the Court should dismiss NL Giken's infringement claim for this patent under Rule 12(b)(6).

The claims are directed to the abstract idea of bookmarking digital moving image content and displaying the content from the bookmarked position.  Courts have repeatedly held that such bookmarking techniques are patent-ineligible, as they are no different from keeping track of a stopping point by inserting a ribbon between pages in a book or taking a mental note of the last chapter read.  The '968 patent claims this age-old idea of storing information, purportedly because doing so for digital content would improve users' "eas[e] of use."  But courts have long held that collecting and displaying information is an unpatentable, abstract idea.

The claims also add no inventive concept that would transform the abstract idea into patent-eligible subject matter.  They simply recite a desired result—displaying digital content from a bookmarked position—without explaining how to obtain that result.  The claims use vague, functional language to describe conventional hardware and software that bookmarks digital content using an unspecified algorithm. This falls far short of an inventive concept.

Simply put, the '968 patent merely applies the age-old, abstract idea of bookmarking to conventional computer technology.  Thus, its claims are patent-ineligible.

## II.    NATURE AND STAGE OF PROCEEDINGS

NL Giken filed this action against Apple on January 5, 2024, alleging infringement of eight patents.  Apple moves to dismiss NL Giken's infringement claims for the '968 patent under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A Rule 12(b)(6) motion challenging a portion of the complaint tolls the period for answering the entire complaint.  *See Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-CV-7394, 1994 WL 48363, *4 (E.D. Pa. Sept. 7, 1994);

*Godlewski v. Affiliated Comput. Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (collecting authorities); Fed. R. Civ. P. 12(a)(4).

## III.    SUMMARY OF ARGUMENT

The claims of the '968 patent recite patent-ineligible subject matter under § 101 because they are directed to the abstract idea of bookmarking digital moving image content and displaying content from the bookmarked position.  NL Giken's claims focus on storing "information" as a bookmark and then displaying content, activities that multiple courts have held to be an abstract idea.  As the Federal Circuit has explained, "longstanding conduct that existed well before the advent of computers and the Internet" is not patent-eligible.  *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1327 (Fed. Cir. 2017).  Limiting the claimed invention to implementations conducted over the Internet cannot save them under *Alice* step one. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 227 (2014) ("*Alice*"); *see also BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1286 (Fed. Cir. 2018).

The claims likewise fail to pass *Alice* step two.  They are focused on the result of bookmarking and silent on *how* to bookmark digital content.  Critically, none of the claims recite algorithms for achieving this.  They thus amount to patenting the ineligible concept itself. Because the claims amount to nothing more than taking a long-standing abstract idea and instructing a practitioner to "do it on a computer," the '968 patent is invalid under *Alice* and its progeny.  573 U.S. at 227.

## IV.    STATEMENT OF FACTS

### A.    The '968 Patent

The '968 patent (D.I. 1-2, Ex. G) is entitled "Digital Contents Receiving Apparatus." The patent relates to a digital bookmark—*i.e.*, keeping track of "the moving image program enjoyed upon turning-off of the television set until the next turning-on for instantly enjoying the

moving image content." '968 patent at Abstract.  The specification extols this feature as advantageous because "the digital moving image content which has been actually enjoyed when the receiving apparatus is turned off is assumed to be of the most interest if no other designation is made." *Id.* at 3:13-17.

The specification admits that using a "receiving apparatus" is not new.  A receiving apparatus is merely a "television set" capable of receiving "digital moving image contents" from "television stations through digital airwaves" and "through internet in real time by means of streaming technology." *Id.* at 1:26-28, 1:41-43.  What the '968 patent touts as allegedly new is the digital bookmark itself—"information such as 'book mark' necessary for accessing again the content data." *Id.* at 17:8; *see also id.* at 1:54-67 ("object of this invention" is to improve the receiving apparatus's "eas[e] of use" by simplifying how users select desired content from the "enrich[ed] . . . world of digital contents").

Apparatus claim 1 (the only claim asserted in the Complaint) is representative of all claims of the '968 patent and recites:

> A receiving apparatus configured to receive digital moving image contents from a provider of the digital moving image contents, the provider being commutatively connected to the receiving apparatus, the receiving apparatus comprising:
>
> a processor executing instructions to designate a part of the digital moving image contents in the provider automatically or in response to a manual operation;
>
> a memory that keeps information necessary for the processor to automatically designate a succeeding part of the digital moving image contents to a viewed part of the digital moving image contents;
>
> a designation software controller configured to control the memory to keep the information in response to a termination of viewing the viewed part and control the processor to automatically designate the succeeding part of the digital moving image contents when the viewing starts again;

a receiver of the designated succeeding part of the digital moving
image contents in response to the designation by the processor; and

a display configured to display the succeeding part of the digital
moving image contents received by the receiver.

Claim 1 recites "well-understood, routine, [and] conventional" components, *Alice*, 570

U.S. at 225, including a "processor," "memory," "designation software controller," "receiver,"

and "display." The processor can "execut[e] instructions" to designate a bookmark position.

'968 patent at 17:22-25. The memory stores the bookmark position as "information necessary

for the processor to automatically designate a succeeding part of the digital moving image

contents"—*i.e.*, the next part of the digital content that is unwatched by a user. *Id.* at 17:26-29.

The designation software controller causes the memory to keep the bookmarking information

after the user stops watching the content, and upon restarting the content, causes the playback to

resume at the bookmarked position. *See id.* at 17:30-35. The receiver receives the content from

the bookmarked position. *See id.* at 17:36-38. And the display simply displays the received

content. *See id.* at 17:39-40.

The other claims of the '968 patent add no other limitations that would make them

patent-eligible. Claim 2 simply requires the bookmark to remember who provided the digital

contents. Claim 3 requires bookmarking streamed content "in accordance with a program

schedule table." And claim 4 allows a user to manually set a bookmark, such as at the beginning

of the digital content. Claims 5-8 recite methods of "receiving digital moving image contents"

that correspond to receiving apparatus claims 1-4, and claims 9-12 recite the same receiving

apparatus but instead use the term "receiving system."

### B.    NL Giken's Infringement Allegations

NL Giken's Complaint provides a claim chart for just claim 1, which accuses the

Apple TV+ app's "Next Episode" feature. D.I. 1-3, Ex. O. NL Giken's claim chart alleges that

4

the accused app stores bookmark "information" for "a part (e.g., an episode) of the digital moving image contents." *Id*. at 3-5. The stated benefit is that, "when a user reaches the end of an episode in a TV series, [they] automatically designate the next episode for playback . . . when the user begins viewing again." *Id*. Neither NL Giken's claims nor its claim chart specify what sort of "information" is used to bookmark digital content, or where it is stored.

## V.    LEGAL STANDARDS

### A.    The Rule 12(b)(6) Standard as Applied to Patent Eligibility Challenges

Whether a patent meets the requirements of § 101 is a question of law. *See Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017). The Federal Circuit has "repeatedly recognized that in many cases it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion." *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373 (Fed. Cir. 2016). "[P]atent eligibility can be determined at the Rule 12(b)(6) stage . . . when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

Although § 101 inquiries "may contain disputes over underlying facts, . . . not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). A patentee's failure to "identify, and articulate the significance of, specific fact disputes" should "preclude the court from denying the motion" to dismiss at the pleading stage. *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 705 n.6 (Fed. Cir. 2023) (affirming district court's grant of Rule 12(b)(6) motion). When patents are directed to an abstract concept and there are no genuine, underlying factual disputes, district courts regularly grant motions to dismiss under § 101. *See, e.g.*, *Fast 101 PTY Ltd. v. Citigroup Inc.*, 424 F. Supp. 3d 385, 393 (D. Del. 2020); *TrackTime, LLC v. Amazon.com,*

*Inc.*, C.A. No. 18-1518-MN, 2019 WL 2524779, at *4–5 (D. Del. June 19, 2019); *Sandbox Software v. 18Birdies, LLC*, C.A. No. 18-1649-MN, 2019 WL 2524780 at *5 (D. Del. June 19, 2019).

B.    **The *Alice* Two-Step Test**

The Supreme Court's two-step test established in *Alice* governs the § 101 inquiry.  573 U.S. at 217–18.  At the first step, courts must determine "whether the claims at issue are directed to a patent-ineligible concept" such as an abstract idea.  *Id.* at 218.  In so doing, courts look at "the focus of the claimed advance over the prior art to determine if the claim's character as a whole is directed to excluded subject matter."  *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021) (citations and quotation marks omitted).  At the second step, if the claims are directed to an abstract idea, courts must "search for an inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself."  *Alice*, 573 U.S. at 217–18 (citations and quotation marks omitted).  The inventive concept must be more than "well-understood, routine, conventional activity."  *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 73 (2012).  Moreover, claims "wholly devoid of details which describe *how* [an improved result] is accomplished" do not provide an inventive concept.  *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1346 (Fed. Cir. 2018) (emphasis in original).

VI.    **THE CLAIMS RECITE PATENT-INELIGIBLE SUBJECT MATTER**

The '968 patent fails the two-step test set forth in *Alice*.  The claims fail *Alice* step one as they are directed to the abstract idea of bookmarking digital moving image content and displaying the content from the bookmarked position.  The alleged invention purports to improve users' experience in watching digital content, but this is insufficient to establish patent eligibility under § 101, and it certainly does not improve device functionality, as the precedent holding

claims patent-eligible requires.  The claims also fail *Alice* step two because they fail to recite an inventive concept.  Instead, they merely recite a desired result—displaying digital content from a bookmarked position—without reciting a specific algorithm for how to achieve this result.

**A.** **_Alice_ Step One:  The Claims Are Directed to an Abstract Idea**

**1.** **The claims, specification, and analogous cases confirm that representative claim 1 is directed to an abstract idea**

Representative claim 1 is directed to the abstract idea of bookmarking digital moving image content and displaying the content from the bookmarked position.  The claim recites, in relevant part, "a memory that keeps information necessary for . . . designat[ing] a succeeding part of the digital moving image contents" and "a display configured to display the succeeding part of the digital moving image contents."  '968 patent at claim 1.  The remaining, conventional elements recited in claim 1 (*i.e.*, a "processor," "controller," and "receiver") merely "limit the abstract idea to a particular environment" but "do[] not make the claims any less abstract." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1362 (Fed. Cir. 2023) (citation omitted).

As in *Trinity Info Media*, the remaining claims "merely add trivial variations of the abstract idea . . . that do not change the focus of the asserted claims."  *Id.*  Claims 2 and 3 require bookmarking based on a "content provider" or a "program schedule," respectively.  And claim 4 allows a user to manually set a bookmark.  Claims 5-8 are method claims that correspond to receiving apparatus claims 1-4.  And claims 9-12 recite the same receiving apparatus as claims 1-4 but instead use the term "receiving system."  Thus, all claims are directed to an abstract idea.

The specification confirms that the claims are directed to bookmarking and displaying content.  *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019) (listing cases where courts have "found the specification helpful in illuminating [whether] a claim is

'directed to'" an abstract idea).  The purported improvement resulting from the '968 patent is that "digital moving image content which has been enjoyed when the manually operable unit turns off the receiving apparatus will be automatically designated again when the manually operable unit turns on the receiving apparatus afterward."  '968 patent at 3:9-13.  The patent specification goes on to assert that this is "considered advantageous because the digital moving image content which has been actually enjoyed when the receiving apparatus is turned off is assumed to be of the most interest . . . ."  *Id.* at 3:13-17.  Consistent with these alleged benefits described in the specification, claim 1's "focus" is on bookmarking videos to allegedly improve the receiving apparatus's "eas[e] of use."  *Id.* at 1:65-67.

Decisions from this District and others have held that video bookmarking claims are directed to abstract ideas.  For example, in *MG Freesites*, the court invalidated a video bookmarking claim because it was directed to the "abstract idea of denoting where certain content is found inside a video . . . —no different than placing a bookmark in a book to indicate where an interesting passage begins."  *MG Freesites Ltd. v. ScorpCast LLC*, 651 F. Supp. 3d 744, 752 (D. Del. 2023); *see also Netflix, Inc. v. Rovi Corp.*, 114 F. Supp. 3d 927, 947–48 (N.D. Cal. 2015) (holding that a claim on "a method of creating a 'bookmark' to allow users to start watching a program on one device, then resume the program at the same point on a different type of device" was "directed to the abstract idea of bookmarking media files across devices").

The Federal Circuit held similar bookmarking claims patent-ineligible in *Erie.* 850 F.3d at 1315. The claims in *Erie* related to an index to organize and locate specific information in a computer database.  *Id.* at 1327.  The court held these claims to be patent-ineligible, explaining that "creating and using an index to search for and retrieve data . . . [is] an abstract concept under *Alice*."  *Id.* at 1328.  The claims at issue in *Erie* are analogous to those at issue here.  NL Giken's

"bookmark" serves as an "index" to the digital content—just like the "index" deemed abstract in *Erie*—as it helps the user search for that same position at a later time.

Moreover, displaying digital content at the bookmarked position is also akin to the idea of data collection and display, which the Federal Circuit has repeatedly held to be abstract under *Alice* step one. For example, in *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016), the Federal Circuit held that claims directed to "collecting information, analyzing it, and displaying certain results" are all abstract ideas. Similarly, in *Intellectual Ventures I LLC v. Capital One Financial Corp*, 850 F.3d 1332, 1340 (Fed. Cir. 2017), the Federal Circuit again held that claims directed to "collecting, displaying, and manipulating data" are abstract. The claims of the '968 patent are no different, as they all recite generic iterations of setting a bookmark position (*i.e.*, collecting information on the bookmark position) and displaying digital content from the bookmarked position (*i.e.*, displaying information). This puts the claims of the '968 patent in the same bucket as the data collection and display claims found to be abstract in *Electric Power Group* and *Capital One.*

### 2. The '968 patent claims do not improve computer functionality

NL Giken also cannot argue that its bookmark represents "an improvement to computer functionality" sufficient to survive *Alice* step one. *Enfish*, *LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). In *Enfish*, the court upheld claims related to a new "self-referential table for a computer database," which was "a specific type of data structure designed to improve the way a computer stores and retrieves data in memory." *Id.* at 1337, 1339. In finding the database improvement claims patent-eligible, the *Enfish* court emphasized that "the claimed invention achieve[d] other benefits over conventional databases, such as increased flexibility, faster search times, and smaller memory requirements." *Id.* at 1337.

Unlike *Enfish*, this is not a case where the claims recite a novel data structure that

provides concrete technological benefits.  The claims of the '968 patent instead simply focus on storing bookmark "information."  But even if storing bookmark information were somehow novel—and it is not—"an improvement to the information stored by a database is not equivalent to an improvement in the database's functionality."  *BSG Tech LLC*, 899 F.3d at 1288.  Rather, as noted above in § VI.A.1, storing information is an abstract idea.  *See In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (holding that "classifying and storing digital images" was an abstract idea).  Moreover, in contrast to the patent at issue in *Enfish*, which described measurable improvements to database technology provided by the claimed invention, the '968 patent mentions no concrete improvements over existing video playback devices.  *See Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020) (holding claims patent-ineligible because they did "not enable computers to operate more quickly or efficiently, [or] solve any technological problem").

The '968 patent's claims are also unlike those at issue in *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.* 880 F.3d 1356 (Fed. Cir. 2018).  In that case, the court held that claims directed to an improved user interface for small devices, which allowed a user to access stored data more quickly, were patent-eligible.  *Core Wireless*, 880 F.3d at 1359, 1362.  It was significant to the court that Core Wireless's claims recited specific user interface elements, including "an application summary that can be reached directly from the menu," "each of the data in the list being selectable to launch the respective application," and other elements.  *Id.* at 1362–63.  In contrast, the claims of the '968 patent recite no specific manner of performing the alleged invention.  Instead, they simply recite storing "information" as a bookmark and displaying the digital content based on that "information."  Given that the claims of the '968 patent do not even recite a specific manner of storing or presenting "information"—let alone

10

purported graphical user interface improvements—they cannot purport to claim any technological improvement by bookmarking digital content.

Asserting that the claims improve "eas[e] of use" for a "digital moving image contents receiving apparatus," '968 patent, 1:60-67, is insufficient to confer patent eligibility either. "[I]mproving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality." *Customedia*, 951 F.3d at 1365. For example, the claims of *Core Wireless* did more than merely improve a user's experience in using small electronic devices. Indeed, the court emphasized that the claimed invention improved "efficiency of using the electronic device by bringing together 'a limited list of common functions and commonly accessed stored data,' which [could] be accessed directly from the main menu." *Core Wireless*, 880 F.3d at 1363. No such improvement to computer efficiency is claimed here. The claims of the '968 patent are also not "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of [computing]." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014). To the extent NL Giken alleges that bookmarking a video helps users remember where they left off and thus improves a user's viewing experience, that alone cannot constitute an improvement in computer functionality.

### 3. The claimed abstract idea reflects longstanding conduct that can readily be performed by the human mind

The Federal Circuit also reasoned in *Erie* that indexing for a database was an abstract idea because it reflected "longstanding conduct that existed well before the advent of computers and the Internet." 850 F.3d at 1327; *see also id.* at 1329–30 (holding another set of claims to be likewise directed to a patent-ineligible "age-old practice" because they covered a mobile interface with "pointers, 'similar to bookmarks used in web browsers,'" which allowed users to

retrieve remotely stored data). Similarly, bookmarking with "information" is an abstract, patent-ineligible concept as it "could all be performed by humans without a computer." *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324 (Fed. Cir. 2016). Here, "with the exception of generic computer-implemented steps, there is nothing in the claims themselves that foreclose them from being performed by a human, mentally or with pen and paper." *Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1318 (Fed. Cir. 2016) (citation omitted). The claims therefore fail *Alice* step one.

### B.    *Alice* Step Two:  The Claims Do Not Recite an Inventive Concept

The claims of the '968 patent also fail at *Alice* step two as they do not recite an "'inventive concept,' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 570 U.S. at 221 (citation omitted).

First, the claims of the '968 patent recite such a "result-focused, functional" description of bookmarking that they amount to patenting the patent-ineligible concept itself. *Elec. Power Grp.*, 830 F.3d at 1356 (claims that lacked "any requirements for *how* the desired result is achieved" were patent-ineligible). Representative claim 1 describes nothing more than a desired result—displaying digital content from a bookmarked position—without "sufficiently describ[ing] *how* to achieve these results in a non-abstract way." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337–38 (Fed. Cir. 2017) (emphasis added). Notably, neither claim 1 nor any other claims recite any specific algorithms for bookmarking digital content for later viewing: claim 2 requires applying the bookmark based on the content provider; claim 3 requires doing so based on a program schedule; and claim 4 requires manual bookmarking (that is, a human operation). Claims 5-12 merely parrot claims 1-4 in different contexts: method claims for claims 5-8 and a "receiving system" for claims 9-12.

The '968 patent's claims stand in sharp contrast to those held patent-eligible in *DDR*, a

12

case that involved generating composite web pages that combined certain visual elements from other websites. 773 F.3d at 1248. The *DDR* court held that the claims were patent-eligible because they "specif[ied] how interactions with the Internet [were] manipulated to yield a desired result—a result that overrides the routine and conventional sequence of events ordinarily triggered by the click of a hyperlink." *Id.* at 1258–59. Here, by contrast, the claims provide no detail regarding what "information" is bookmarked or how the claimed bookmarking takes place.

Second, each hardware element of the claims, upon which the abstract idea is performed, is "well-understood, routine, [and] conventional." *Alice*, 570 U.S. at 225 (citations and quotation marks omitted). Claim 1 requires "a processor," "a memory," "a designation software controller," "a receiver," and "a display." Courts have previously ruled that processors, memories, receivers, and displays are all conventional computer components. *See, e.g.*, *IBM Corp. v. Zynga Inc.*, 642 F. Supp. 3d 481, 494 (D. Del. 2022) ("conventional computer, network, and display technology" with "processors" and "memory"); *Search & Soc. Media Partners, LLC v. Facebook, Inc.,* 346 F. Supp. 3d 626, 635 (D. Del. 2018) ("computer system comprising a data processor and a memory" and "electronic display"); *Personalized Media Communs., LLC v. Amazon.com, Inc.,* 161 F. Supp. 3d 325, 338 (D. Del. 2015) ("receiver stations"). The remaining element—the "designation software controller"—is merely a functional label for a conventional module that stores a bookmark position. '968 patent, 17:30-35. Even the specification explains that the claimed components are conventional. *See, e.g.*, *id.* at 5:9-12 ("Memory is of such a large capacity including a hard disk as capable of storing a considerable number of digital moving image program contents"). The Federal Circuit has long held that claims cannot escape patent ineligibility by reciting conventional computer hardware and software components. *Elec. Power Grp.*, 830 F.3d at 1355 ("invocations of computers and networks that are not even

13

arguably inventive are insufficient") (citations and quotation marks omitted).

Third, the claims when considered as a whole do not add "significantly more" than the abstract idea of bookmarking digital moving image content and displaying the content from the bookmarked position. *Alice*, 573 U.S. at 217–18. The Federal Circuit has contrasted claims reciting "the non-conventional and non-generic arrangement of known, conventional pieces"— which might provide an inventive concept—with claims that "merely recite the abstract idea . . . along with the requirement to perform it on the Internet, or to perform it on a set of generic computer components"—which fail at *Alice* step two. *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) (claims directed to a "specific method of filtering Internet content" with conventional computer components were sufficient to pass step two at the Rule 12(b)(6) stage). The *BASCOM* court explained that "[a]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Id.* at 1350. However, here, unlike in *BASCOM*, the claim elements when considered as an ordered combination add nothing more to the abstract idea itself.

Unlike the claims in *BASCOM* , the claims here only recite the age-old idea of storing "information" as a bookmark; they do not purport to claim a new or specific bookmarking technique. '968 patent, claim 1. Rather, the claims apply the conventional concept of bookmarking content to *digital* content. And the Federal Circuit has made clear that limiting the field of use to just digital moving image contents cannot convert this abstract idea into an inventive concept. *Erie*, 850 F.3d at 1328–29 ("limiting an abstract idea to one field of use or adding token post solution components [cannot] convert the otherwise ineligible concept into an inventive concept"); *see also Chamberlain Grp. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348 (Fed. Cir. 2019) ("merely limiting the field of use of the abstract idea to a particular existing

14

technological environment does not render the claims any less abstract.") (citation omitted).

The claims here merely take the abstract idea of bookmarking content and "apply it" on a computer, precisely what the *BASCOM* court considered and rejected as an inventive concept. *BASCOM*, 827 F.3d at 1349; *Alice*, 573 U.S. at 221 ("[T]ransformation into a patent-eligible application requires more than simply stating the abstract idea while adding the words 'apply it.'") (citation and internal quotation marks omitted).

Tellingly, NL Giken's Complaint does not even contend that the '968 patent discloses an "inventive concept," much less a unique, inventive combination of conventional components. Rather, it characterizes the '968 patent as relating "to a system and apparatus that receives digital moving image contents (e.g., streaming video) and automatically designates and displays a succeeding part of the contents (e.g., a subsequent streaming video)." D.I. 1 ¶ 15. That is not enough. Because "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention," the court should hold that the claims of the '968 patent recite patent-ineligible subject matter under *Alice* step two. *Alice*, 573 U.S. at 223; *see also Two-Way Media Ltd.,* 874 F.3d at 1341 (Fed. Cir. 2017) (claims must recite something "other than conventional computer and network components operating according to their ordinary function.").

## VII.   CONCLUSION

Because all claims of the '968 patent recite patent-ineligible subject matter, Apple respectfully requests that the Court grant its motion and dismiss NL Giken's infringement claims with respect to the '968 patent with prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard S. J. Hung
Shaelyn K. Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000

Roman A. Swoopes
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600

Yuka Teraguchi
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
5-1, Marunouchi 1-Chome, Chiyoda-ku
Tokyo, Japan 100-6529
Tel: +81 (3) 3214-6522

Dated: February 26, 2024
11352135 / 21251.00001

By: */s/ Bindu A. Palapura*
    David E. Moore (#3983)
    Bindu A. Palapura (#5730)
    Andrew M. Moshos (#6685)
    Malisa C. Dang (#7187)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    amoshos@potteranderson.com
    mdang@potteranderson.com

*Attorneys for Defendant Apple Inc.*

16